# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-1177V

Filed: July 18, 2023

* * * * * * * * * * * * *
MAURICE DRAYTON,　　　　　　*
　　　　　　　　　　　　　　　*
　　　　　Petitioner,　　　　　*
　　　　　　　　　　　　　　　*
v.　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　*
SECRETARY OF HEALTH　　　　*
AND HUMAN SERVICES,　　　　*
　　　　　　　　　　　　　　　*
　　　　　Respondent.　　　　*
* * * * * * * * * * * * *

*Paul Kinne, Esq.,* Gingras, Thomsen & Wachs, Madison, WI, for petitioner.
*Camille Webster, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION[1]

**Roth,** Special Master:

On April 9, 2021, petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine caused him to develop brachial neuritis. The information in the record, however, does not show entitlement to an award under the Program. On July 18, 2023, petitioner filed a Notice of Voluntary Dismissal requesting that his case be dismissed. ECF No. 30.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

To receive compensation under the Program, petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that petitioner's alleged injury was vaccine-caused or in any way vaccine-related.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that he suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

IT IS SO ORDERED.

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master